# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN GROSSETETE,

     Plaintiff,

    v.                          No. CIV 15-00592-MV-SMV

FNU WILLIAMS, *Warden*,
J. LUCERO, *C.O.*,
FNU GAUNA, *Lt.*,
FNU RODGERS, *Lt.*,
FNU DOES, *Unnamed Staff*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, some of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on or about December 30, 2012, Defendants Lucero, Gauna, and Rodgers, along with other unnamed staff members at the Guadalupe County Correctional Facility ("GCCF"), performed an unlawful and malicious search of Plaintiff's anal cavity in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution and the Prison Rape Elimination Act (PREA) of 2003, 42 U.S. § 15601. [Doc. 1]   The complaint seeks monetary damages in the amount of $1,000,000.00  [Doc. 1 at 5]

Plaintiff's complaint fails to state a claim against Warden Williams.  "Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates" and, therefore, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation.  Instead, . . . the plaintiff must establish a deliberate intentional act by the supervisor to violate constitutional rights." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citations omitted).  To "demonstrate an affirmative link between the supervisor and the violation," the plaintiff must satisfy "three related prongs (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (internal quotation

2

marks and citation omitted).  The complaint does not allege that Warden Williams personally was involved in the unconstitutional search or that he adopted a "plan or policy . . . –express or otherwise—showing [his] authorization or approval of such misconduct."  *Id.* at 1201 (internal quotation marks and citation omitted).  Instead, the complaint simply alleges that that "[t]he staff [were] under the Warden['s] control" at the time the search took place. [Doc. 1 at 1]  Because the complaint fails to allege facts demonstrating an affirmative link between Warden Williams's conduct and the alleged constitutional violation, the claims against Warden Williams will be dismissed.

The PREA "does not establish a private cause of action for allegations of prison rape."  *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. April 15, 2015) (affirming the dismissal of the plaintiff's PREA claim as frivolous under 28 U.S.C. § 1915) (unpublished).  "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue," but "does not grant prisoners any specific rights."  *Chinnici v. Edwards*, No. 1:07-CV-229, 2008 WL 3851294, *3 (D. Vt. Aug. 12, 2008) (unpublished).  "In the absence of 'an "unambiguous" intent to confer individual rights,' such as a right to sue, courts will not imply such a right in a federal funding provision."  *Id.* (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279-80 (2002)).  Therefore, Plaintiff's PREA claims will be dismissed.

Lastly, the Court notes that Plaintiff's complaint names as Defendants "un-named staff" who were involved in the alleged constitutional violation.  [Doc. 1 at 3]  Plaintiff will be allowed a reasonable amount of time to name the unidentified Defendants for service of process.  Failure to identify the unnamed Defendants may result in dismissal of

3

Plaintiff's claims against them.

IT IS THEREFORE ORDERED that Plaintiff's claims against Warden Williams are DISMISSED; and Warden Williams is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's PREA claims are DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint [Doc. 1] and this Order, for Defendants Lucero, Gauna, and Rodgers at GCCF, P.O. Box 520, Santa Rosa, New Mexico, 88435.

_____
UNITED STATES DISTRICT JUDGE