**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN GROSSETETE,

    Plaintiff,

v.                                                No. 15-cv-0592 MV/SMV

FNU WILLIAMS,[1] J. LUCERO,
FNU GAUNA, FNU RODGERS,
and FNU DOES,

    Defendants.

**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Plaintiff's second motion requesting appointment of counsel [Doc. 12], dated December 23, 2015. Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. He reports that he does not understand the mail he receives from the Court. [Doc. 10]. Further, he requests an extension under Rule 12 until he gets an attorney. *Id.*

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that

---

[1] Defendant Williams was dismissed from this action on November 18, 2015. [Doc. 6].

there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

Plaintiff presents no new argument that was not included in his first request for counsel. *See* [Doc. 10]. The Court remains unconvinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims.

As to the request for an extension under Rule 12, nothing is required from Plaintiff under Rule 12 at this time. Therefore, no extension is warranted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that second motion requesting appointment of counsel [Doc. 12] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

2