UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOHN GROSSETETE,

    Plaintiff,

    v.                                                                                                  Civ. No. 15-592 MV/GJF

J. LUCERO, et al.,

    Defendants.

## ORDER

THIS MATTER comes before the Court on Defendant J. Lucero's ("Defendant's") "Motion for Summary Judgment." ECF No. 15. Having considered the parties' submissions, relevant case law, and the record, the undersigned recommends that the motion be **GRANTED.**

## I.    BACKGROUND

The following derives from Defendant's "Statement of Undisputed Facts." Def.'s Mot. 2-5, ECF No. 15.[1]

While working as a sergeant at Guadalupe County Correctional Facility ("GCCF") on December 30, 2012, Defendant and his lieutenant observed increased inmate traffic in and out of a

---

[1] Although a pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), once a litigant elects to file in federal court, case law dictates that even a pro se litigant has "assumed the responsibility for complying with the rules of civil procedure." *Chester v. Green,* 120 F.3d 1091 (10th Cir.1997). Both the local and federal rules require a party opposing summary judgment to specifically cite to materials in the record that controvert the movant's undisputed material facts. *See* D.N.M.LR-Civ. 56(b); FED. R. CIV. P. 56(c), (e). The local rules further specify that "[a]ll material facts set forth in [the movant's motion for summary judgment] will be deemed undisputed unless specifically controverted" by the non-movant. D.N.M.LR-Civ. 56(b). Plaintiff, the non-movant in this action, has failed to specifically controvert any material fact articulated by Defendant in his motion, and as such, all facts contained in Defendant's Statement of Undisputed Facts are deemed admitted.

cell in the prison's A-pod. The officers searched the cell in question, but discovered no contraband. Inmate John Grossetete ("Plaintiff") was present at the time of the cell search and voluntarily submitted to a strip search. In the course of the strip search, Defendant noticed a string protruding from Plaintiff's rectal area. Defendant placed Plaintiff in restraints to escort him to a secured area.

During the escort, Plaintiff informed Defendant that he had concealed suboxone pills in his anus and wished to turn the contraband pills over to prison staff. Further, Plaintiff admitted he had received the pills from his girlfriend during a contact visit. Upon arriving in a secured area, Plaintiff voluntarily removed a blue balloon from his anus and placed it on the floor.

After Plaintiff removed the balloon, Defendant retrieved it and started a chain of custody form. Thereafter, Defendant delivered the balloon to GCCF's investigative lieutenant, Justin Rodgers ("Rodgers"). Rodgers took photographs and then opened the balloon, which held seven octagon-shaped orange colored pills. Rodgers reported the pills tested positive for suboxone. Plaintiff was eventually evaluated by medical personnel before he was placed into prehearing detention.

A disciplinary hearing was held regarding Plaintiff's conduct on January 5, 2013. The hearing officer found Plaintiff guilty of violating prison contraband regulations and recommended he receive a combined sanction of 180 days housing in disciplinary segregation and forfeiture of a total of 210 days of good time. Although Plaintiff waived his right to appear at the hearing, he later sent an inmate request form to the warden complaining of his punishment. Additionally, Plaintiff filed two separate informal complaints regarding the incident. In each instance, Plaintiff admitted that he had removed the contraband-filled balloon from his own anal cavity. Then, on April 18, 2013, Plaintiff filed a formal grievance regarding the incident. In this his fourth attempt

at relief, Plaintiff again admitted that he had performed a body cavity search on himself.

## II.     PROCEDURAL HISTORY

Plaintiff filed his complaint in federal court on July 9, 2015. ECF No. 1. Therein, Plaintiff alleges violations of his civil rights under the Prison Rape Elimination Act ("PREA") and 42 U.S.C. § 1983 (2012) by the prison warden, three named prison guards, and other unnamed prison guards. Pl.'s Compl. 1-3, ECF No. 1. Specifically, Plaintiff claims that prison staff, when "attempting to retri[e]ve an alleged item from the Plaintiff's anus area . . . without any type of search warrant and without any medical staff . . . in a malicious manner . . . used glove[d] and un-gloved hands while attempting to rape" him. *Id.* at 2. Additionally, Plaintiff claims that staff attempted to "penetrate [his] anal cavity . . . thr[ough] threats of phys[i]cal force and threats against [Plaintiff's] family member." *Id*. at 3. Plaintiff seeks $1,000,000 in damages. *Id.* at 5.

On November 19, 2015, U.S. District Judge Martha Vazquez dismissed Plaintiff's claims against the prison warden as well as his PREA claim. ECF No. 6. On January 19, 2016, Defendant filed his answer as well as the motion now before the Court. ECF Nos. 14, 15.[2] In the motion, Defendant seeks summary judgment on all claims, contending that Plaintiff's allegations are both without merit and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] Plaintiff filed his

---

[2] As of the entry of this recommendation, only Defendant J. Lucero has been served and made a party to this case. Plaintiff has been unable to supply the information required to serve the other named defendants, despite numerous opportunities to do so. *See* ECF Nos. 16, 19, 26, 27, 28-31.

[3] Because the instant motion is amenable to a ruling on its merits, the Court need not address the issue of whether Plaintiff should have filed a habeas petition pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Even so, this Court is skeptical that *Heck* would control the instant inquiry, as Plaintiff has not sought any relief related to his good time credits, nor has he contested the validity or duration of his imprisonment. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (declaring habeas corpus petitions the proper avenue to contest the validity of imprisonment or elements impacting its duration). Here, in a case seeking only dollar damages arising from an allegedly illegal search, Defendant has made no showing of how a judgment in favor of Plaintiff would necessarily "imply the invalidity of [Plaintiff's] conviction or sentence." *See Heck*, 512 U.S. at 487.

response to the motion on May 31, 2016.  ECF No. 32.  Therein, Plaintiff makes no specific rebuttals to Defendant's motion, but merely regurgitates statements already contained in his complaint.  *See* Pl.'s Resp. 1-3, ECF No. 32.  On June 14, Defendant filed his Reply, which details the deficiencies of Plaintiff's Response, while also arguing the legality of Plaintiff's strip search.  *See* Pl.'s Reply 1-5, ECF No. 33.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 authorizes judgment without trial "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c)(2).  Substantive law governs the elements of a given claim or defense and reveals what issues are to be determined and what facts are material.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  At summary judgment, "[a]n issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."  *Id.* (citing *Anderson,* 477 U.S. at 248).  Put another way, "an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant."  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999), *implied overruling on other grounds by National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002).

On summary judgment, the initial burden is with the movant to point out the portions of the record which show that the movant is entitled to judgment as a matter of law.  *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).  Instead of disproving a claim or

defense, the movant need only show "a lack of evidence" on an essential element. *Adler*, 144 F.3d at 671. If the movant meets that burden, the non-movant must come forward with specific facts based on admissible evidence from which a rational fact finder could find in the non-movant's favor. *Id.*; *see also Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) ("A motion for summary judgment that is supported by affidavits or other materials provided under oath gives the adverse party notice that summary judgment is possible; the adverse party must respond with affidavits or other evidence to show a genuine issue of material fact."). "[W]here the non-moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

A pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall*, 935 F.2d at 1110. A court is to "make some allowances for 'the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d

1156, 1159 (10th Cir. 1991). The court does not assume the responsibility of "searching the record" in favor of the plaintiff. *Garrett*, 425 F.3d at 840. Nor does the plaintiff's pro se status excuse him from the burden of coming forward with evidence to support his claims as required by the Federal Rules of Civil Procedure and the local rules of this court. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988). *See also* D.N.M.LR-Civ. 56(b). Even a pro se plaintiff must present some "specific factual support" for his allegations. *See Pueblo Neighborhood Health Ctrs., Inc.*, 847 F.2d at 649.

## IV. ANALYSIS

Plaintiff's only surviving claim is for deprivation of civil rights under 42 U.S.C. § 1983. In effect, Plaintiff alleges that prison guards digitally raped him during a forced search of his anal cavity on December 30, 2012. Pl.'s Compl. 2-3.

Defendant, through his motion and attachments thereto, challenges Plaintiff's account. *See* ECF No. 32. Further, Defendant's motion chronicles those portions of the record that directly and unequivocally vitiate, belie, and refute Plaintiff's claim. *See* Def.'s Mot. Exs. A-O. The evidence presented by Defendant, when considered alongside Plaintiff's failure to controvert said evidence with anything other than bald, conclusory assertions, leads the undersigned to find that no rational trier of fact could find in Plaintiff's favor. Accordingly, and for the reasons articulated below, the undersigned recommends that Defendant's Motion be granted and that judgment be entered in favor of Defendant as a matter of law.

From the time that prison staff entered Plaintiff's cell on December 30, 2012, three purported searches occurred. First, prison staff searched Plaintiff's cell. *See id.*, Ex. A at 1, Ex. B at 1. This search yielded "negative results." *Id.*, Ex. B at 1. Plaintiff was present throughout the search of his cell, and at its culmination, voluntarily submitted to a second search, this time of

his person, which is commonly referred to as a "strip search." *Id.* Plaintiff makes no claim that his civil rights were violated during either one of these first two searches.[4] During the strip search of Plaintiff, prison staff observed a "string protruding from [Plaintiff's] rectal area." *Id.*, Ex. A at 1. Following this discovery, Plaintiff was escorted to a secured area for further investigation. *See id.*, Ex. A at 1, Ex. B at 1, Ex. F. Here, Plaintiff claims that a *third* search – a body cavity search – occurred. *See* Pl.'s Compl. 2. Plaintiff contends that, during this alleged third search, prison staff violated his civil rights by conducting an "unlawful search" of his anal cavity using "glove[d] and [un]gloved hands while attempting to rape" him. *Id.*

The allegation contained in Plaintiff's verified Complaint, as well as those in his Response, are directly controverted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[W]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Tellez v. City of Belen*, 560 F. App'x 812, 815 (10th Cir. 2014) (unpublished) (same); *Joint Tech. Inc. v. Weaver*, 567 F. App'x 585, 588 n.3 (10th Cir 2014) (unpublished) (same); *Pierson v. Bassett*, 534 F. App'x 768, 771 (10th Cir. 2013) (unpublished) (same). For their part, prison officials maintain that they never performed a body cavity search on Plaintiff. Rather, they maintain that Plaintiff voluntarily produced the contraband-filled balloon from his anal cavity. *See* Def.'s Mot. Ex. A at 2, Ex. B at 1, Ex. D, Ex. F. Strikingly, prior to the filing of this federal suit, *Plaintiff himself* admitted the same thing. In fact, on March 12, 2013, Plaintiff documented, by his own hand, that he "gave" the contraband-filled balloon to Defendant "willingly." *Id.*, Ex. J. The next day, however, on March

---

[4] Because Plaintiff alleges no misconduct during these searches, they need not be further examined by this Court.

13, 2013, Plaintiff altered his account, claiming that prison officials instructed him to "stick [his] fingers in [his] ass and pull out whatever suppose[edly] is up there." *Id.*, Ex. K at 2.  By March 31, 2013, Plaintiff recalled that he was forced to perform an anal cavity search on himself "against [his] will." *Id.*, Ex. L at 2.  Finally, in a formal grievance filed on April 19, 2013, Plaintiff avers that he was "removed from [his] housing unit and later place in an unauthorized area to perform *his own* cavity search." *Id.*, Ex. M at 2.

In sum, Plaintiff chronicled the events of December 30, 2012, four separate times prior to the filing of this federal suit.  *Nowhere* in those four accounts did Plaintiff ever allege that any prison official attempted to perform a body cavity search on him, much less attempt to digitally rape him anally.  Based on the record, it is clear that prison officials *never* performed a body cavity search on Plaintiff.  In the face of such overwhelming documentary evidence – produced by Plaintiff himself – the Court cannot now imbue the bald assertions of his Complaint with such artificial weight as to engineer a genuine, material dispute properly reserved for a trier of fact. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (holding that conclusory statements based merely on conjecture, speculation, or subjective belief, are not competent summary judgment evidence); *Eisken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir. 1995) ("Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment").  *See also Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991) (holding that courts are not to "construct arguments or theories for [a party] in the absence" of their own ability to do so).  Because no genuine, material disputes of fact exist, Defendant is entitled to judgment as a matter of law.

## V.     CONCLUSION

Having reviewed the submissions of the parties, the relevant law, and the record before the Court, the undersigned finds Plaintiff's allegations utterly without merit. There is simply no "specific factual support" for Plaintiff's allegations. *See Pueblo Neighborhood Health Ctrs., Inc.*, 847 F.2d at 649. To the contrary, the undersigned finds that the evidence in this case is so one-sided that Defendant must prevail as a matter of law. *See Anderson*, 477 U.S. at 251-52.

Therefore, the undersigned **RECOMMENDS** that Defendant's Motion [ECF No. 13] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be dismissed with prejudice.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**